Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| JOSÉ NIEVES<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE GUAYNABO<br><br>Recurrido | TA2026RA00291 | Revisión procedente del Municipio de Guaynabo<br><br>Caso Núm.:<br>2026-SRQ-308258 |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de junio de 2026.

Una corporación impugna una multa administrativa expedida por un municipio por incumplir con las condiciones del correspondiente permiso. Por surgir del récord que el recurso es tardío, y al haber comparecido por derecho propio sin que ello le sea permisible a una corporación, procede la desestimación del recurso.

I.

El 18 de diciembre de 2025, la Oficina de Permisos Urbanísticos del Municipio de Guaynabo le notificó a 3J Energy LLC (la "Corporación") una multa administrativa por "incumplimiento de las condiciones del permiso" de uso, ello en conexión con la operación de una gasolinera.

El 9 de enero, la Corporación solicitó la reconsideración de la Multa[1]. Sostuvo que contaba con licencia para vender bebidas alcohólicas selladas para consumo fuera del establecimiento; en una

---

[1] A pesar de que el término de 20 días que el Municipio notificó que tenía la Corporación para presentar la reconsideración había expirado el 7 de enero de 2026 (miércoles), el Municipio la consideró oportuna, aparentemente porque, durante esa semana, el Municipio estaba en receso administrativo. Para fines de esta Sentencia, partimos de la premisa de que, en efecto, la reconsideración fue oportuna.

comparecencia posterior, afirmó que "al momento del operativo", no se "consumieron bebidas alcohólicas dentro del establecimiento ... ni en ninguna otra área del local". Subrayó que "la mera presencia de envases vacíos en un zafacón no constituye prueba de consumo en el establecimiento".

El 27 de enero, el Municipio le notificó a la Corporación que acogía su solicitud de reconsideración.

El **15 de abril**, el Municipio notificó que denegaba la reconsideración de la Corporación. En su determinación (la "Decisión"), el Municipio reseñó que, de conformidad con el informe del inspector, se "constató que el establecimiento permite el consumo de bebidas alcohólicas en sus inmediaciones", pues se había "observ[ado] el consumo de alcohol en el lugar". No obstante, la licencia de la Corporación únicamente le permite vender bebidas alcohólicas en "envases tapados y sellados, para ser llevadas y consumidas fuera del establecimiento y sus inmediaciones". La Decisión **advirtió a la Corporación que tenía 30 días para solicitar su revisión ante el Tribunal de Apelaciones**.

El **1 de junio**, la Corporación, a través del Sr. José Nieves, presentó el recurso que nos ocupa[2]. Arguye que no hubo "evidencia sustancial ... que sostenga la alegación de consumo de bebidas alcohólicas". Sostiene que "la mera presencia de envases vacíos no constituye prueba de consumo en el establecimiento". También afirma que "el mero hecho de observar personas consumiendo en inmediaciones cerca del local no confirman que las bebidas se compraron en la estación".

---

[2] La Corporación presentó el escrito por primera vez el 8 de mayo; no obstante, lo hizo sin acompañar el arancel correspondiente. Por tal razón, el escrito fue devuelto por la Secretaría del Tribunal con la instrucción de someterlo nuevamente con el arancel, o bien con una solicitud de exención por indigencia. El 27 de mayo, la Corporación canceló el arancel y volvió a enviar el escrito, el cual fue recibido el 1 de junio.

El Municipio de Guaynabo solicitó la desestimación del recurso. Arguyó que el término jurisdiccional para presentar el recurso expiró el 15 de mayo, aproximadamente dos semanas antes de que se presentara el mismo. También planteó que la Corporación no podía recurrir ante este Tribunal a través de una persona que no está admitida al ejercicio de la abogacía. Disponemos.

II.

Concluimos que procede la desestimación del recurso de referencia, pues no se acreditó que tengamos jurisdicción para revisar la determinación recurrida y, además, el recurso es inoficioso, por no haberse presentado a través de una persona admitida a ejercer la profesión jurídica en Puerto Rico. Veamos.

La parte que acude ante nosotros tiene la obligación de colocarnos en posición de poder evaluar su solicitud. Véase, por ejemplo, *Morán v. Martí*, 165 DPR 356, 366-367 (2005); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90-91 (2013). El "hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar*, 159 DPR 714, 722 (2003).

La Corporación incumplió con su obligación de acreditar que este Tribunal tenga jurisdicción para entender sobre su solicitud. Del récord surge que el término jurisdiccional de 30 días para acudir a este Tribunal **venció el 15 de mayo**. Véase Regla 57 del Reglamento del Tribunal de Apelaciones. No obstante, el recurso se presentó aproximadamente dos semanas luego (el **1 de junio**)[3]. Adviértase, además, que la norma sobre el término pertinente para acudir a este Tribunal le fue correctamente comunicada a la Corporación.

---

[3] Aun de considerarse que la fecha de presentación equivale a la fecha en que se pagó el arancel (27 de mayo), de todas maneras el recurso sería tardío.

En cualquier caso, e independientemente de lo anterior, el recurso es también inoficioso por no haberse suscrito por un abogado o abogada admitido(a) a ejercer la profesión en Puerto Rico. La norma es que los "entes corporativos" no pueden "comparecer por derecho propio ante los tribunales". *B. Muñoz, Inc. v. Prod. Puertorriqueña,* 109 DPR 825, 828 (1980); véanse, además, *U.T.I.E.R. v A.F.F.*, 137 DPR 818 (1995); *Lizarríbar v. Martínez Gelpí,* 121 DPR 770, 786 (1988); *González v. Alicea,* 132 DPR 638, 641 n.1 (1993).

III.

Por los fundamentos que anteceden, se desestima el recurso de referencia por ausencia de jurisdicción. Véase la Regla 83 de nuestro Reglamento.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones